### IN THE

# *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT,

#### IN JUNE TERM, 1817.

———————:::::: ✿ ::::::———————

### FITCH *against* AYER.

THIS was a bill in chancery. The case was as follows. In *April,* 1798, *John Clark* made his will, containing, among other things, the following bequest : " I give to my loving daughter, *Thisbe Fitch,* two hundred pounds lawful money, to be paid her, by my son *Elijah Clark,* in manner following, *viz.* the interest thereof to be paid her annually from and after my decease, yearly, and every year, during the time of her coverture or marriage ; and the principal sum of two hundred pounds to be paid her, whenever she shall become single, or to her heirs after her decease." He appointed his son, *Elijah Clark,* his executor ; and died on the 7th of *May* 1798. On the 30th of *March* 1799, *Elijah Clark* paid 200*l.* to the plaintiff, then the husband of *Thisbe Fitch* ; and, at the same time, took from him a mortgage deed of a farm as security for the payment of the legacy to her according to the terms of the will, as an indemnity against any further

*Where a testator gave his daughter, a feme covert, a legacy of 200l., directing the interest to be paid to her, during her coverture, and the principal, afterwards ; it was held, that the husband alone was entitled to receive such interest, and that his receipt was sufficient evidence of payment.*

*Where an execution was levied upon mortgaged estate, and the appraisers, by adopting an erroneous principle of law, made too high an estimate of the amount of the incumbrance, in consequence of which, more land was taken than would otherwise have been sufficient to satisfy the debt ; it was held, that the debtor was entitled to relief in chancery, and that the proper relief was a reconveyance of the excess of land so taken.*

New-Haven,
June, 1817.

Fitch
v.
Ayer.

claim upon the executor. Soon afterwards, *Elijah Clark* died, having made his will, and appointed *Andrew Perkins* and *Solomon Giddings*, Esqrs. his executors.

The coverture of *Thisbe Fitch* continued from the date of her father's will until the third *Tuesday* of *January* 1814, when her husband obtained a divorce from her for the cause of adultery, and she became a feme sole.

On the first *Tuesday* of *December*, 1812, *Ayer*, the present defendant, obtained a judgment against the present plaintiff for the sum of 887 dollars, 57 cents ; and on the 5th of *April* 1813, he took out execution for that sum, and caused it to be levied and extended upon 68 acres of the plaintiff's farm, mortgaged as before stated. In appraising, and setting off this land, the appraisers proceeded on the supposition, that it was subject to the incumbrance of 666 dollars, 67 cents, for the principal, and 440 dollars, for the arrears of interest, of the legacy to *Thisbe Fitch*.

The facts with regard to the payment of interest, are these. For three years next after the execution of the mortgage deed, the interest was discharged by a receipt, executed each year, by the plaintiff and *Thisbe Fitch*, and delivered to *Andrew Perkins* and *Solomon Giddings*, Esqrs. the executors of *Elijah Clark*. From the expiration of three years until the levy of the execution, the interest was no otherwise paid than by a receipt signed by the plaintiff alone, and by him delivered to said executors. At the time of the levy, these receipts were shewn to the appraisers, and were also made known to the defendant, who claimed before the appraisers, that as *Thisbe Fitch* had not actually received the interest at that time accrued, amounting to 440 dollars, nor joined with her husband in any receipt for the same, the land still remained charged with such interest.

After the plaintiff's divorce from his wife, said executors assigned said mortgage to the defendant, upon his paying the principal sum of 200*l.* and giving them a bond of indemnity ; and the defendant paid over to *Thisbe Fitch* said sum of 440 dollars, upon her giving him a bond of indemnity.

By consent of parties, the case was referred to the nine Judges for their advice, on the question, whether the plaintiff was entitled to any relief, and if so, what decree ought to be passed.

*Daggett,* for the plaintiff, after remarking that the case must turn upon the construction of the devise, contended, that the interest of the legacy, during the coverture of *Thisbe Fitch,* was not given to her *for her separate use;* and that, of course, it belonged to the husband exclusively. *Reeve's Dom. Relat.* 60. The subsequent agreement of the plaintiff to pay such interest, according to the terms of the will, and the mortgage executed by him as security for the payment, did not vary his rights or obligations. The amount of this transaction was nothing more than a promise, by the plaintiff, to pay to himself ; and such a promise he was surely competent to discharge, without his wife's signature. The incumbrance on the estate by virtue of the mortgage, was, therefore, estimated too high, by 440 dollars ; and of course, 440 dollars worth of land was taken beyond what was sufficient to satisfy the defendant's execution, which ought in equity to be restored.

*Halsey* and *Cleaveland,* for the defendant, contended, 1. That from a view of the whole will, and from the nature of the bequest, it was apparent, that the testator intended to make the interest as well as the principal of the legacy, the *separate property* of *Thisbe Fitch.* They also insisted, that the plaintiff had recognized it as such, by the agreement which he entered into with *Elijah Clark.*

2. That admitting this construction to be erroneous, the plaintiff still has no remedy in chancery. An application to a court of chancery to refund money cannot be sustained ; the facts disclosed do not warrant a redemption ; and there was no fraud or misrepresentation in the appraisement, by reason of which it can be set aside.

**SWIFT,** Ch. J. In this case there is no necessity of considering the question whether a married woman can have a separate estate ; or whether we will adopt the *English* law on that subject ; for upon the principles of that law, the legacy in question does not create a separate estate in the wife. By the will, the interest of 200*l.* is to be paid to the wife annually, during coverture. There is no decision in *England,* which will shew that this legacy constitutes a separate estate in the wife. It is, in effect, and by law, a gift to the husband himself ; and a legacy in this form has always been so con-

*New-Haven,* June, 1817.

Fitch
*v.*
Ayer.

sidered. He was entitled to receive it ; and his receipt to the trustees was sufficient evidence of payment.

There can be no doubt, then, that the appraisers committed a mistake, as stated by the plaintiff, with regard to the amount of the debt chargeable by the mortgage on the land on which the execution was levied ; to correct which it is proper for a court of equity to interpose.

The proper relief is, for the defendant to reconvey so much of the land as he has taken more than sufficient to pay his demand. I would advise that the prayer of the bill should be granted, and a decree passed, that the defendant release so much of the land as he has taken more than sufficient to pay his debt, and the sum secured by the mortgage ; and that he account for the rents and profits.

GOULD, J. It is ascertained, by the finding, that in the appraisal of the land upon the defendant's execution, there was a mistake, to the amount of 440 dollars, against the plaintiff, if he had a right to discharge, by his sole act, the annual interest, bequeathed to his wife. And it is agreed, that he had this right, unless the interest belonged to the wife, as her sole and separate property. In holding, as I do, that it was not so vested in her, I would not be understood to assent to the proposition, that in the state of *Connecticut,* a married woman cannot, in equity, hold property in this manner. For though, in *Hutton* v. *Dibble,* some strong grounds were taken in argument ; no such doctrine, I trust, has ever received a judicial sanction in this state.

The question here arises upon the intention of the testator, *John Clark,* as discoverable from the will. Did he intend, that the plaintiff's wife should receive the annual interest in question, during coverture, to her *sole and separate use ?* Such an intent may be evinced, without doubt, otherwise than by the precise words, " to her sole and separate use ;" but it certainly cannot be inferred, without some other evidence, than that which is furnished by the mere fact of the legatee's being a *feme covert.* In the present case, however, I am unable to discover any other ; and that fact, by itself, clearly affords no proof, or presumption, of such an intention. The circumstance adverted to, on the part of the defendant, that the accruing interest only is made payable, during the legatee's coverture, and the principal, upon her

becoming discovert, appears to me, so far as it can have any effect upon the question, to countenance the contrary presumption. For, the object of the testator, in making this discrimination, would seem to have been, to place the *principal* only, beyond the plaintiff's control. But however this may be, it is sufficient to say, that, upon this point the *onus probandi* is upon the defendant ; and that no evidence of such an intention, as he relies upon, appears in the will. The conclusion is, that the mistake complained of, in the bill, has intervened.

Upon the question of relief, there is no doubt, that mistake is one of the appropriate grounds of equitable interposition. And where a mistake happens in the levy of an execution upon land, it may as properly be corrected, as if it had occurred in a deed of conveyance : The former, being in effect, like the latter, only a species of common assurance.

The other Judges were of the same opinion.

Bill to be sustained, and decree passed.