Chief Justice Robertson
delivered the Opinion of the Court.
Henry Warren borrowed from Polly Jones, whilst she was a feme covert and living with her husband, one hundred dollars, for which he gave a promissory note payable to her, on or before the first of June, 1832. Both she and Warren having afterwards died, intestate; before the note had been paid off, or sued on, or in any way disposed of, her administrator brought a petition and summons upon it against the administrator of Warren; to which he pleaded, that her husband, Thomas Jones, survived her, and was still living. And the Court having overruled a demurrer to the plea, judgment was rendered in bar of the suit. The correctness of the judgment on the demurrer is the question to be decided in this, case.
The dioses in fiction belonging to the wife at the time of the marriage, vest in the husband, when, and provided, he reduces them to possession,or disposes of them effectually, during the coverture; otherwise they do not vest in him, but survive to the wife if she outlives thehusband.
The husband may administer on the wife’s es« tate, and in that character, will entitled to the dioses in action ^hat were hers, pnd never reduced to his possession— which, after paying her debts, hemay retain, as the statute of'distributions does not ^pplyto him,
Qhoses in action which accrue to a wife during cover.\ure, vest absolutely in thehusband; but he may p.lect to allow her a right of survivorship in them—by suing pn them, in Ihejr joint names; when, if he di,es before the reeoveiy, they will But if he sues', as he may do, m his own name, or there is no death" they belong exclusively to him: as where a wife lent money and the note was made payable to her¡ the husband may sue upon it in his and hernaiúesi then if he dies before the recovery, the right of action and proceeds remain to her, by survivor-ship. But if he sues in his otvn name only, or does not sue at all, till after her death, they belong to him alone, not to her adm’r.
*334 The choses in action of the wife at the time of her marriage vest in her husband sub modo only; that is, on condition that he reduce them to possession, or otherwise dispose of them effectually, during the coverture. If the wife survive, no such disposition having been made, they survive to her; but if the husband survive, he may be entitled to them as her administrator; and the statute of distribution having been construed as not applying to him, he may, therefore, after paying her debts, appropriate them to his own use, whenever recovered by him as her administrator. And hence it has been decided as a settled doctrine, that if any other person administer, the husband will be entitled to the residue remaining after payment of his wife’s debts.
But, as the wife has no legal capacity to take in her own right during coverture, a chose in action which accrues to her whilst she is covert, vests absolutely and eo instafiti in her husband, by operation of law. And hence it was long doubted whether, if she survived her husband, such a chose in action would belong to her as survivor. Jt has beep determined, however, that, in most cases, it would. Day v. Pargrave, cited by Dampier Justice, in Philliskirk v. Pluckwell, 2 Maule and Selw. 396; McNeilage v. Halloway, 1 Barn, and Ald. 218; Nash v. Nash, 2 Mad. 133; 1 Williams on Exors. 550-1-2-3. These are all postrevolutionary cases, overruling the prior cases, Qorifra, of Holloway v. Lightburn, by Lord Hardwicke, 2 Eq. ca. ab. and Hodges v. Beverly, by Eyre and others, Bunb. 188. But a similar doctrine may be found in Rolls’ Ab. 349, pl. 2. Comyn's Digest, Title Baron and Feme F. 1 and 3. Brown's Adm'rs. v. Langford's Adm'rs. 3 Bibb's Rep. 499; Banks' Adm'r v. Marksberry, 3 Litt. Rep. 282; Miller v. Miller, 1 J. J. Mar. Rep. 169.
The, probable reason for this doctrine is, because it may be presumed, from the husband’s conduct, that he elected that the wife should take and enjoy a beneficial interest in. her own. right as survivor. And consequent- ,, . , . A. ly, on the same principle, it is well settled, that, tor a c^ose *a a°tion accruing on the side of the wife during coverture, the husband may sue either alone or in con *335 junction with his wife, and that, if he elect to sue iii the latter mode, and die before execution, the right bélongs to the surviving wife.
But the same authorities and very many others show, that a surviving husband is entitled, as husband, to the undisposed of dioses in action which accrued, in right of his wife, during the coverture. The prevailing and more consistent doctrine seems to be, that, in such cases, the survivor will be entitled, as survivor. And therefore, to be consistent, the law should give the right of action to the survivor in his or her own personal right and character. And such appears clearly to have been understood to be the true doctrine by Baron Comyn, and by this Court in the cases in 3 Bibb and 3 Lilt. and 1 J. J. Mar. supra.
We must conclude, therefore, that the opposing intimations in Clancy on Rights, (page 4 and 6) especially as they seem to have been deduced from obiter suggestions, are not warranted by the adjudged cases, and are inconsistent with principle, analogy and authority.
Wherefore, it is our opinion, that the legal title to the obligation in this case survived to Thomas Jones, and that, therefore he alone had a legal right to sue on it, in his own name and for his own benefit.
Having survived to him, it could not be assets in the hands of her administrator, and consequently, that administrator, especially as he is not the husband, coul not maintain a suit on it. Perhaps the hush as administrator, might sue on it—either, fir, such a suit might show an election which he to make; or, second—'because the adjunct w might be deemed merely descriptio persona. Bs to us, that the right surviving, the remedy sur it; and that no other person than Thomas Jon right to sue.
Wherefore, it is considered that the judgment of the Circuit Court be affirmed.