*New-London,*
July, 1840.

MORGAN *against* THE THAMES BANK.

Morgan
*v.*
Thames Bank.

Personal property accruing to the wife during coverture, vests immediately and absolutely in the husband.

Therefore, where *A*, by his will gave to *B*, his executor, one half of his personal property, in trust, for his daughter *C*, the wife of *D*, to be converted into money for her use, or to be delivered to her for her benefit, as should be judged most proper ; and *B*, in pursuance of the trust, transferred to *C* certain shares of bank stock, part of *A's* estate ; it was held, that the title to such shares, immediately on the transfer, vested in *D*, and became liable to be levied on as his property.

In order to transfer the title to shares of bank stock, taken in execution and sold at the post, to the purchaser, a written instrument of conveyance from the officer to such purchaser, is indispensable; the officer's return alone not being sufficient for this purpose.

And where it is incumbent on the purchaser to prove his title, he must produce such instrument of conveyance, except in cases where, by reason of loss, secondary evidence is admissible.

THIS was an action on the case for the neglect and refusal of the defendants to transfer to the plaintiff two shares of their stock claimed by him, and to pay him certain dividends which had been declared thereon.

The cause was tried at *New-London, September* term, 1839, before *Williams*, Ch. J.

In *March*, 1830, *Jeremiah Kinsman*, by his last will and testament, gave one half of his personal estate to *Roswell Adams*, his son-in-law, and executor, in trust for his daughter, *Joanna Bacon*, the wife of *Benjamin Bacon*, to be converted into money for her use, or to be delivered to her for her benefit, as should be judged most proper ; and her receipt, and that alone, was to be evidence for the trustee, in accounting for the property. On the 30th of *May*, 1836, after the death of *Kinsman, Adams*, as trustee under the will, transferred to *Joanna Bacon*, eleven shares of the stock of the *Thames Bank*, together with other stock and promissory notes, all the property of *Kinsman*, at the time of his decease, and took her receipt therefor.

The plaintiff claimed to be the owner of two shares of the stock thus transferred, as purchaser under a sheriff's sale, on an execution in favour of *Zephaniah Bennett*, against said *Benjamin Bacon*, and gave in evidence the record of the judgment, and the execution and officer's return thereon. Eleven

*New-London,*
*July, 1840.*

———

Morgan
*v.*
Thames Bank.

shares had been attached in the suit on which said execution issued, as the property of *Benjamin Bacon;* and as such, they were levied on, by virtue of such execution, and posted to be sold on the 29th of *January,* 1837, at 6 o'clock, *P. M.;* but no one appearing to bid, the sale was adjourned until the next day, at 10 o'clock, *A. M.,* when two of said shares were bid off, by the plaintiff, and the avails applied in satisfaction of the execution. *Adams,* as trustee, had previously forbidden the sale of these shares. The defendants were duly apprised of all the proceedings. Upon the application of the plaintiff for a transfer of the shares to him, the cashier, by direction of the board of directors, refused to permit such transfer to be made. The plaintiff also claimed the dividends which had accrued upon said shares after his purchase, and before the commencement of this suit; but the defendants refused to pay them to him.

The defendants resisted the plaintiff's right to recover, on the following grounds: 1. That the stock in question was not liable to be taken in execution for the debt of *Benjamin Bacon.* 2. That the officer posted the property to be sold on the 29th of *January,* 1837, at 6 o'clock, *P. M.,* which was the *Sabbath* or *Lord's day,* and then adjourned the sale, for want of bidders, to the next day, at 9 o'clock, *A. M.;* which, the defendants claimed, was not a legal posting and sale. 3. That the plaintiff was bound to prove a conveyance of the stock to him by the officer, other than by his return upon the execution.

The court was of opinion, and instructed the jury, that the stock might be levied upon as the property of *Benjamin Bacon,* and was legally taken in execution; that the purchaser at the sheriff's sale was to be protected in his purchase, notwithstanding the irregularity claimed to exist in this case; and that the defendants could not now insist upon proof of any other conveyance than the return of the officer shewed; and that the plaintiff was entitled to recover in this suit.

The jury accordingly returned a verdict for the plaintiff; and the defendants moved for a new trial for a misdirection.

*Strong,* in support of the motion, contended, 1. That this stock having been given by the will of *J. Kinsman,* to *R.*

*Adams,* in trust for Mrs. *Bacon,* it could not be taken to satisfy a debt against her husband.

2. That the sale was made without legal notice. Notice of sale on a non-juridical day, is no notice. The adjournment on that day was a. nullity.

3. That an instrument in writing conveying the shares to the plaintiff, was an indispensable requisite in his proof of title. *Stat.* 65. *s.* 80. (ed. 1838.) This he was bound to produce on the trial; but he did not; nor did the return even shew that such an one was given.

4. That if this stock was liable to be taken on this execution, and was duly sold and transferred, by the officer's doing what the law required *of him,* no further act of the *defendants* was necessary for the transfer of the shares. Consequently they are not liable for not transferring them.

*Child,* contra, contended, 1. That this stock was the property of *Benjamin Bacon,* and liable to be taken in payment of his debts. It was transferred, by the trustees, to Mrs. *Bacon,* for her benefit, and she gave a receipt for it, pursuant to the will. The power of the trustee over it ceased. Being personal property, the title of the wife became the title of the husband. *Leigh's N. P.* 1082. *in notis.*

2. That the property was legally posted and sold. The objection is, that it was posted to be sold on *Sunday.* But the hour of sale was 6 o'clock, *P. M.* in the month of *January;* of course, *after sun-set,* when civil process could legally be served. And even then, the only act done was to *adjourn* the sale; which was unquestionably a legal act. Besides, the officer was bound, on the levy of the execution, to post the property to be sold at the end of twenty days. Had he power to pass over one day? If so, why not ten, or sixty? In what other way, then, could a levy be made?

3. That the officer's return was, *prima facie* at least, evidence of the plaintiff's title, without any other written instrument from him.

4. That an irregularity in the proceedings of an officer making sale of personal property on execution, will not defeat the title of a *bona fide* purchaser, who has paid for the property. It is to be remarked, in this case, that the equitable claim of no other party to this property, is interposed. The

case presents the naked question of a purchaser of personal property at a sheriff's sale, claiming it against the execution debtor. *Titcomb* v. *Union Marine and Fire Insurance Company,* 8 *Mass. Rep.* 335. *Howe* v. *Starkweather,* 17 *Mass: Rep.* 243. *Jackson* d. *Kane* v. *Sternbergh,* 1 *Johns. Ca.* 153.

5. That *case* is the proper remedy. *Hussey* v. *The Manufacturers and Mechanics Bank,* 10 *Pick.* 415. *Shipley* v· *Mechanics Bank,* 10 *Johns. Rep.* 484.

In reply, it was not denied, that *case* was the proper form of action, if the plaintiff was entitled to a recovery; but it was strongly insisted, that a purchaser of stock at a sheriff's sale, was as much bound to shew that all the steps necessary to constitute a valid title in him had been taken, as a creditor claiming title to land under the levy of an execution, was bound to shew a strict compliance with the requisites of the statute.

STORRS, J.    The bank stock, for the value of which this action is brought, having been regularly transferred, by the executor and trustee of *Jeremiah Kinsman,* deceased, the former owner, to his daughter, who was the wife of *Benjamin Bacon,* in pursuance of and agreeably to the terms of the will of said deceased, the title to it vested, on such transfer, in the said *Bacon,* and became liable to be levied on, as his property. No rule is better established than that personal property, accruing to the wife during coverture, including *choses in action,* vests immediately and absolutely in the husband, on the principle that husband and wife are but one in law, and her existence, in legal consideration, is merged in his. *Fitch* v. *Ayer,* 2 *Conn. Rep.* 143. *Griswold* v. *Penniman* & al. 2 *Conn. Rep.* 564. And there is nothing which we discover in the circumstances of this property, which delivers it from the operation of this general principle. On this point, therefore, the charge was unexceptionable.

But we think that the court erred in charging the jury, that the plaintiff was not bound to prove a conveyance of the stock to him, by the officer, other than by such officer's return on the execution. This would undoubtedly be sufficient proof of a transfer of ordinary personal estate, by a sale on execution; no instrument of conveyance by the officer to the purchaser

being made necessary by law, in such cases. But the statute

prescribing the manner of levying executions on rights or shares in the stock of any bank or other corporation, after pointing out the manner in which they shall be taken, posted and sold, directs, that the officer " shall thereupon give to the purchaser an instrument in writing, conveying to him such rights or shares ;" and, after further directing him to leave with the cashier, secretary or clerk, a true and attested copy of the execution, and of his return thereon, declares, that "the purchaser shall thereupon be entitled to all dividends and stock, and to the same privileges, as a member of such company or corporation, as the debtor was entitled to." *Stat.* 65. *tit.* 2. *s.* 80. (ed. 1838.)

The reason for requiring such written conveyance, in these cases, probably arose from the peculiar nature of the property to be sold, which, being incorporeal, and not susceptible of manual delivery, could not be placed in the visible possession of the purchaser, like ordinary personal property. By this provision, it is necessary, in order to vest the title in the purchaser, not only that the shares should be sold to him, but that the officer should also convey them to him, by a written instrument : for it is upon a performance of these acts that, by the express terms of the statute, he becomes entitled to the stock, and to the privileges of a member of the corporation. This being the only mode, by which the property can be transferred, under an execution, to the purchaser, it results, that he must, in order to shew his title, prove, that these requisites have been complied with. One of these requisites being such written instrument of conveyance, that can only be proved (no question of secondary evidence, in consequence of its loss, being raised,) by the production of the instrument itself. For it is an obvious principle, that where the law points out a particular mode, by which alone property shall be transferred, a compliance with it must be shewn; and where a written instrument is required, the production of it cannot be dispensed with ; nor can oral evidence be substituted for it, excepting where it is necessary to resort to it as secondary evidence. Thus, a conveyance of land, a will, or an agreement under the statute of frauds, can be proved only by the production of the written instrument, which the law requires, in such cases ; and a defect in them cannot be sup-

*New-London,* plied by parol evidence.    *Baylis* & al. v. *Attorney General,*
July, 1840.
——————— *Bul. N. P.* 298. S. C. 2 *Atk.* 239, 240.    *Woollam* v. *Hearn,*
Hyde
*v.*          7 *Ves.* 211.    *Stark. Ev. part* 4. 602. 612. 995, 996.
Morgan.

And we can see no more reason, in the present case, for
dispensing with the production of the instrument, which is re-
quired to be given by the officer, than in the case where a
purchaser claims title to real estate under a collector, by
whom it has been sold and conveyed by deed, for the non-
payment of taxes.

On this point, we think that a new trial should be granted.
Therefore, a decision on the other questions made, becomes
unnecessary; and as they are of great general importance,
we are the less inclined to settle them here, since, if it should
become necessary hereafter, we can have the benefit of a full
court, which was not present when this case was argued.

In this opinion the other Judges concurred, except CHURCH,
J., who was not present.

New trial to be granted.