## TODD v. TODD.

1. The representative of the husband, and not the wife, is entitled to sue for work and labor performed by the wife, during the coverture.

2. Where the accounts between parties are not mutual, but are all on one side, the entire account is not taken out of the bar of the statute of limitations, because one, or more items of the account, are not within the statute.

3. Where a plea pleaded by its name, is received in short, by the other party, no objection can be taken to it, in this court, for not being in proper form.

Error to the County Court of Chambers.   Before the Hon. Clement C. Forbes, Judge.

The facts are set out in the opinion of the court.

ALLISON, for plaintiff in error.

1. By the marriage, the husband and the wife are one person, in law; he is entitled to her work and labor, and all her earnings, and should he die his representatives are entitled to them. 1 Bl. Com. t. p. 355; 1 Chitty's Pl. t. p. 29; Chitty on Con, 38; Morris v. Booth and Wife, 8 Ala. Rep. 907.

2. The account of the defendant in error, was composed of distinct items of different kinds, and a liability to pay for some of the items, cannot withdraw others from the influence of the statute of limitations. 5 Ala. Rep. 504.

BAUGH, contra.

The plea of the statute of limitations must contain an answer to all it assumes to answer; and if it fail to do so, it is not an effective bar even as to the part really answered. 1 Chit. Pl. 546.

In assumpsit on several promises in different counts, if the defendant plead the statute of limitations to the whole, and it is a bad plea as to one of the counts, it will also be insufficient as to the residue. 1 Chit. Pl. 546; 2 Mass. R. 81.

CHILTON, J.—The defendant in error, who was the plaintiff in the court below, sued the plaintiff in error, on an open account, for work and labor done and performed, &c., by the request, &c., of said plaintiff. It is shown, by the proof, that some of the items in the account, were for the labor of the plaintiff below, while she was a *feme covert;* her husband having died before the commencement of this suit. Also, that some of the items were barred by the statute of limitations of three years, which was interposed, unless the whole amount was taken, without the influence of the statute, because some of the items occurred within three years.

1. By the common law, the husband and wife, are considered as but one person, and the husband being the " head of the wife," as it is quaintly observed by the old writers, "therefore all that she hath belongs to him." " The husband," says Mr. Clancy, page 3, " is entitled to all sums of money which the wife earns by her skill, or labor, and these

Todd v. Todd.

he has absolutely and in his own right, and not in her's; and if he die without having recovered them, they do not survive to her but his executor's shall have them." So it was held in Morgan v. The Thames Bank, 14 Conn. Rep. 99, that personal property accruing to the wife, during coverture, vests immediately and absolutely in the husband. See McGehee v. Ford, 5 Smedes & Mar. 769 ; Jones v. Warren, 4 Dana, 333 : Savage v. King, 5 Shep. 301 ; Clapp v. Stoughton, 10 Pick. 463 ; Machen v. Machen, at the present term. These authorities may suffice to show, that the court erred in refusing to charge the jury, that the plaintiff could not recover, for work done by her during the coverture.

2. In respect to the statute of limitations, ever since the decision of Catlin v. Skoulding, 6 T. R. 189, it has been considered the settled rule, both in England and in nearly all the American courts, that mutual accounts, of however long standing, between persons who do not come within the description of "merchants," are not barred, if any items in the account, come within the time prescribed by the statute, as a bar. Angel on Lim. 132 (2 ed.) note 3, where the numerous authorities are collated. But this rule is confined to cases of *mutual* accounts, where there has been a reciprocity of dealing between the parties, and does not apply to an account where the items are, as in this case, all on one side. Cotes v. Harris, Bul. N. P. 149; Turnbull v. Strocker; 4 McCord's R. 214; Angel on Lim. 135. It results, that the court also, mistook the law in charging the jury, " that if there was proof, showing that one item in the account was rendered within three years, that took the whole of the items without the influence of the statute of limitations.

3. The third and fourth charges, seem to involve legal truisms, and we are inclined to think, they appear as refused from some clerical misprision. The one asserts, that the plaintiff should not recover, for such items in the account as are for work done by a third party, not the servant, or in the employment of the plaintiff. The other insists that if the plaintiff did the work, on materials furnished by the defendant, she could only recover for the work, and not for the materials.

4. The question attempted to be raised, in this court, upon the sufficiency of the plea of the statute of limitations, we

do not think, arises properly upon the record before us. The plea was received in short, by the consent of the plaintiff below, and we must intend, that had the pleader been required to have drawn it out at length, he would have put it in proper form. Being pleaded merely by name, we must regard its form as adapted to the defence, as indicated by the proof, and as embracing the items to which it applies.

Let the judgment be reversed and the cause remanded.