### SHIRLEY & ux. versus CHARLES WALKER.

Neither the opinions of the Attorney General of the United States nor those of the Secretary at War, nor those of the Commissioner of Patents, are receivable by this court, when called upon to give a construction to a statute of the United States.

By the Act of Congress of June 19, 1842, the children of a widow, to whom, at the time of her death, any amount of pension was due from the United States, are entitled to their equal portion thereof, free from all claims by the creditors or legal representatives of their mother.

The administrator of the mother, when any such pension is paid to him, receives it merely in trust for her children.

Where such administrator, (prior to the Act of 22d March, 1844, securing to married women their rights in property,) had received such pension money, in trust for a feme covert, an action against him to recover the same, may be brought jointly by her husband and herself.

ASSUMPSIT for money received to the plaintiffs' use. The following facts were proved. The defendant and William Walker, and the female plaintiff, are the children of Nathaniel and Abigail Walker, both of whom are now deceased.

Nathaniel Walker was for many years, a pensioner of the United States, on account of services rendered in the war of the revolution. Upon his death, the said Abigail, his widow, became entitled to a pension under the law of the United States. At the time of her death, the amount of pension due to her was $200, which sum was afterwards paid by the United States to the defendant, as the administrator of said Abigail. The plaintiffs claim one-third part of that money, upon the ground that it belonged equally to the three children of said Abigail, and this action is brought to recover the same.

Among other proofs, the plaintiffs offered to read from the public documents, the opinions of several of the former Attorney Generals of the United States, and of a former Secretary at War, and of a former Commissioner of Patents. The defendant then proved by the Probate records that he had settled his final administration account, in which he had charged himself with the said two hundred dollars.

No administration was ever had upon the estate of Nathaniel Walker.

There was a mass of testimony as to the value of the farm, and of other property, which the defendant had received from said Nathaniel, and as to the aids which he had rendered to his parents in their lifetimes.

The case was submitted upon such portion of the facts proved, and of the testimony offered, as the court should consider applicable, they drawing inferences, as a jury might.

*Hammons* and *Hastings,* for the plaintiffs.

*Codman,* for the defendant.

1. The action is unsustainable, because brought jointly. If there be any cause of action, it pertains to the husband alone. 14 Pick. 352 ; 8 Mass. 230 ; 10 Pick. 463 ; 2 Conn. 143 ; 6 Johns. 112 ; 5 Conn. 141 ; 5 Greenl. 417 ; 6 D. & E. 616.

There is a rule that when the wife is the meritorious cause of action, she may join in the action, or the husband, at his election, may sue alone. But that rule is not applicable to choses in action belonging to her, or to sums of money which she, as feme covert, may be entitled to, by gift or otherwise. 10 Pick. and 8 Mass. cited above.

2. The opinions of the Attorney Generals, either as evidence or as authorities, are inadmissible. They are not judicial decisions, but merely professional opinions, of no more effect than those of other counsel, equally eminent.

3. The money was duly disposed of by the defendant, as administrator, in pursuance of a decree of the Court of Probate, to which the jurisdiction attached. If dissatisfied, the plaintiffs should have appealed from that decree. It is now in full force, until reversed. R. S. chap. 105, sect. 3, 22, 25, 26, 27 and 30 ; R. S. chap. 106, sect. 1 ; *Loring* v. *Mansfield,* 17 Mass. 394 ; *Rowe* v. *Smith,* 16 Mass. 308, Rand's ed. in note, and authorities there cited ; *Marriott* v. *Hampton,* 7 D. & E. 269, notes * & † 1 ; Bigelow's Digest, tit. Action of Assumpsit, F. 67, 68.

4. This being an equitable action, the court may rightfully consider the evidence relative to the property which the de-

fendant had received from his father's estate.   By PARKER, J.
5 Mass. 293 ; By SEDGWICK, J. 7 Mass. 336.

SHEPLEY, C. J. — The case is presented for decision on so
much of an agreed statement, as may be legal testimony.

The opinions of public officers of the United States re-
specting the construction of acts of Congress must be exclud-
ed.   All testimony respecting the property of the defendant,
and that of the father, and the amount of property conveyed
or given by the father to his children, and respecting the
services performed by the defendant for his father and mother,
must also be excluded as irrelative.

It appears, that Abigail Walker, the widow of Nathaniel
Walker, was entitled to a pension under the act of Congress,
approved on July 7, 1838, c. 189.   That she died on Sept.
7, 1843.   That on Sept. 17, 1844, the defendant, as her ad-
ministrator, received from the agent of the United States, the
sum of two hundred dollars due to her for arrearage of her pen-
sion.   William W. Walker, and the defendant, and the wife of
the plaintiff, were then her only children.   The plaintiffs
claim to recover one third of the money thus received, on the
ground, that upon the decease of the mother it became
the property of her children.   This claim is resisted on the
ground : — First, that it was the property of the deceased as
assets in the hands of her administrator to be by him adminis-
tered.

This point appears to be conclusively determined against
the defendant by the act of Congress, approved on June 19,
1840.   The second section provides " in case any pensioner,
who is a widow, shall die leaving children, the amount of
pension due at the time of her death shall be paid to the ex-
ecutor or administrator, for the benefit of her children, as di-
rected in the foregoing section.   The first section provides,
that the amount due to a male pensioner at the time of his
death shall be paid to his executor or administrator, " for the
sole and exclusive benefit of the children, to be by him dis-
tributed among them in equal shares, and the same shall not

be considered as part of the assets of said estate, nor liable to be applied to the payment of the debts of said intestate in any case whatever."

The effect of these provisions is to give to each child a title to an equal share of the money so received as a distributive share of his mother's estate, free from all claim upon it by the creditors or legal representatives of the mother. The administrator receives and holds it for their benefit.

2. The second objection is, that the action cannot be maintained in the names of the husband and wife.

Legacies bequeathed and distributive shares accruing to *femes covert*, become the property of their husbands. *Shuttlesworth* v. *Noyes*, 8 Mass. 229; *Commonwealth* v. *Manly*, 12 Pick. 173; *Fitch* v. *Ayer*, 2 Conn. 143; *Whitaker* v. *Whitaker*, 6 Johns. 112; *Chase* v. *Palmer*, 25 Maine, 341.

The Act to secure to married women their rights in property, approved on March 22, 1844, did not affect the rights of the parties in this case. Those rights were determined on the death of the mother, on September 7, 1843, before that Act was in force.

The husband may sue alone to recover such a legacy or distributive share, or on a contract made with or without seal, to the wife, during coverture. *Ankerstein* v. *Clark*, 4 T. R. 616; *Templeton* v. *Cram*, 5 Greenl. 417; *Savage* v. *King*, 17 Maine, 301; *Goddard* v. *Johnson*, 14 Pick. 352.

Because he is the owner of the property and may recover it by a suit in his own name, it does not follow, that he must sue alone, and that he cannot unite with his wife. There are many cases, in which the husband may maintain an action in his own name, or in the names of himself and of his wife.

The general rule in such cases is, that the wife may be united, when she is the meritorious cause of action. It is said in argument, that she is not the meritorious cause, when she becomes entitled to a sum of money, by operation of law or by bequest, without the performance by herself of any act. She is however regarded as the meritorious cause, when the

right of her husband to maintain the action accrues to him only because he is her husband.

Husband and wife may therefore join to recover a legacy, bequeathed to her during coverture. *Rose* v. *Bowler*, 1 H. Blac. 108.

And to recover for arrearages of rent due on a lease at will of her lands, made during coverture. *Aleberry* v. *Walby*, 1 Stra. 229.

And to recover for the treble value of tithes accruing to the wife during coverture, and not set out as required by statute. *Beadles* v. *Sherman*, Cro. Eliz. 608, 613.

In *Buckley* v. *Collier*, 1 Salk. 114, it was decided, that husband and wife could not maintain an action to recover for the labor of the wife, unless it was founded on an express promise made to her.

And in *Brashford* v. *Buckingham*, Cro. Jac. 77, that they might maintain an action on a promise made to the wife for services performed to cure a wound.

They may maintain an action to recover for the rents and profits of the lands of the wife, accruing during coverture. Com. Dig., Bar. and Feme, X ; *Lewis* v. *Martin*, 1 Day, 263 ; *Clapp* v. *Stoughton*, 10 Pick. 463.

In such cases the cause of action does not at common law survive to the wife, unless she be joined in an action with her husband by his consent.

Then, as stated in *Clapp* v. *Stoughton*, "the recovery of judgment in such a case operates as a contingent gift from the husband to the wife, to take effect if she should survive." *Oglander* v. *Barton*, 1 Vern. 396. Although it was decided in the case of *Clapp* v. *Stoughton*, that the action could not be maintained, it was not because husband and wife could not have joined to recover the rents and profits, but because no such action having been commenced and prosecuted, the wife took nothing by survivorship.

There can be no difference in principle between the right to maintain an action in the name of husband and wife, to re-

---

cover for rent in arrear, and for rents and profits accruing on the lands of the wife, and for a legacy bequeathed to her during coverture, and the right to maintain an action in their names for a distributive share becoming due to her during coverture, by the provisions of a statute.

This action may therefore be maintained by the husband and wife, to recover the share of pension money awarded to her by the Act of Congress.

3. It is contended, that the defendant has accounted as administrator in the Probate Court, for the money received by him, and that he is thereby protected, while those proceedings remain in force.

The administrator cannot deprive a person of his right to property, by representing that property to be the assets of his intestate, and by accounting for it as such in the Probate Court. Nor can any decree of the Probate Court upon it, as the property of the intestate, deprive the owner of his right to it, or prevent him from proving it to have been his property, and not subject to the action of the Probate Court.

*Defendant defaulted.*