ALBANY,
August, 1809.

SLUBY *against* CHAMPLIN.

Sluby
v.
Ch...plin.

THIS was an action for money paid, laid out and expended by the plaintiff, for the defendant, at his request. The defendant pleaded *non assumpsit*, and the statute of limitations. The cause was tried at the last sittings in *New-York*.

The defendant, on the 15th *July*, 1794, became bound as principal, to the *United States*, in the penal sum of 4,620 dollars, for securing certain duties, payable to the *United States*, on a cargo of salt, imported into *Baltimore*, amounting to 1,869 dollars and 15 cents, and the plaintiff, at his request, became his surety in the bond. The amount of the bond was paid by the plaintiff to the collector of *Baltimore*, who gave him the following receipt : " Received at *Baltimore*, *August* 21st, 1795, from *Nicholas Sluby*, 1,869 dollars and 15 cents, it being for duty on salt imported by *Oliver Champlin* in the ship *Argo*, captain *Schale*, entered, and the duties bonded for by him, with *Nicholas Sluby*, as security to the said bond."

The defendant left *Baltimore* in *August*, or *September*, 1794, at which time *Sluby* was absent and his agent, in behalf of *Sluby*, applied to the defendant, before his departure, to indemnify him against the payment of the bond ; and the defendant answered, that he expected to return before the bond became due, and would provide for the payment of it.

The clerk of the plaintiff also testified, that the defendant was supercargo of the said ship *Argo*, in which the salt was imported ; that *Daniel Parker* is credited with the amount of sales of the salt, and other articles, in the books of *Nicholas Sluby & Co.* and is debited by them

*Where the witnesses to a bond are absent out of the state, proof of their handwriting is sufficient, without proving the handwriting of the obligor. Where a bond with sureties is given to the United States for duties, and A. is mentioned as the importer; and B. the surety pays the bond, he may maintain an action of assumpsit against A. though, in fact, a third person was the real owner of the goods. The possession of the bond, and the collector's receipt, was held sufficient evidence of the payment by the surety. If the defendant on being arrested by the sheriff, promises to settle with the plaintiff, if he will give time for payment, it is a sufficient acknowledgment to prevent the operation of the statute of limitations.*

with the bond given for the duties on the salt, and other articles, and that there is a balance due *Sluby & Co.* on the said account of 2,056 dollars and 31 cents, and at the bottom of *Daniel Parker's* account, in the ledger of *Sluby & Co.* is a memorandum in the hand-writing of the plaintiff, as follows : " The balance of this account is due from either *Daniel Parker*, or *Oliver Champlin*, except what has been paid to *Trumbull, Forbes & Co.* as per their accounts. *Nicholas Sluby.*"

It appeared that *Sluby & Co.* had charged to *Daniel Parker*, in their books, several sums of money advanced to the defendant ; and that no part of the balance of the account had been received from *Parker.*

The bond for the duties, contained the following re-cital and condition : " whereas, *Oliver Champlin* has im-ported in the ship *Argo*, whereof *John Schale* is master, which said ship arrived, and made due entry in the port of *Baltimore*, on the 15th *July*, 1794, sundry goods, &c. liable to pay duties, &c. Now the condition of the above obligation is such, that if the above bounden *Oliver Champlin*, *Nicholas Sluby*, and *Stephen Casenave*, &c. shall pay, &c. on or before the 16th *August* next, then," &c. There was but one witness to the bond, who was at the time a resident at *Baltimore*, but had been absent for a long time, in foreign parts, and when last heard of was at *Leghorn.*

The hand-writing of this witness was proved, and also that it was usual at *Baltimore*, to execute bonds of a similar nature, in the same way as the bond in question was executed, without affixing seals. The de-fendant's counsel objected to the proof of the execution of the bond, as insufficient, but the objection was over-ruled.

It appeared, that when the defendant was arrested, he did not deny the demand, but expressed his sur-prise that it had not been paid by *Parker :* and pro-

mised to meet the plaintiff, for the purpose of settling the accounts, if the plaintiff would give time for the payment.

On this evidence, the defendant moved for a nonsuit, but the motion was overruled; and the judge charged the jury, that he did not think the evidence sufficient to warrant them in finding that the bonds were executed by the plaintiff, as security, on the exclusive credit of *Parker*; and if not, the defendant was liable. He, however, left it with the jury to determine, whether the plaintiff had become surety, on the credit of *Parker*, or of the defendant, and to find accordingly.

The jury found a verdict for the plaintiff, for 3,891 dollars and 4 cents; being the amount, paid by the plaintiff, with interest from the time it was paid.

A motion was made to set aside the verdict, and for a new trial.

*O. Edwards*, for the defendant. 1. There was not sufficient proof of the execution of the bond. The proof was only of the hand-writing of the witness, and his absence. The hand-writing of the obligor, ought, also, to have been proved.*

* 5 <i>Term Rep.</i><br>371.

KENT, Ch. J. Was not this point decided in the case of *Mott* v. *Dougherty ?*†

† 1 <i>Johns. Cas.</i><br>230.

In that case, the witness was dead. The court of K. B. in *England* has decided, that the proof of the hand-writing of the contracting party is requisite.‡ By a statute of 26 *Geo.* III. c. 37. s. 38. bonds and deeds, executed in the *East-Indies*, when the subscribing witness resides there, are made evidence in *Great Britain*, on proof of the hand-writing of the *parties*, and the witnesses.

‡ 7 <i>Term Rep.</i><br>265. and <i>note.</i><br><i>Wallis</i> v. <i>De-<br>lancey, Doug.</i><br>93. and <i>note.</i>

ALBANY,
August, 1809.

Sluby
v.
Champlin.

If the doctrine, which will be contended for on the part of the plaintiff, existed, there would have been no necessity for such a statute. ·

Proof of the hand-writing of a witness is not the highest evidence. The rule is not to be taken in an absolute, and unqualified sense ; such evidence is to be received, no further than is necessary. · If it should be allowed, in all cases, simply to prove the hand-writing of a witness, who is absent, frauds might be easily practised, by procuring any vagabond as a witness, and proving his hand-writing.

2. There was not sufficient proof of the payment of the money ; the collector's receipt was not, of itself, sufficient evidence.

3. The proof of the acknowledgment of the debt, was not sufficient to prevent the operation of the statute of limitations. It was made, after the arrest of the defendant, and was not direct or positive.

*Hoffman*, contra. 1. It has been settled in *England*, that the proof of the hand-writing of the witness, who is beyond the jurisdiction of the court, is sufficient ;* and it appears to have been so decided by this court, in the case of *Mott* v. *Dougherty*. I cannot discover any ground for a distinction, between an absent witness, and one who is dead. The supposed fraud, or abuse, may exist, in the one case as well as in the other ; but we are not allowed to argue from the abuse of the rule, nor from the possibility that a fraud may be committed.

2. The proof of payment was positive, and the receipt is also produced.

3. The slightest acknowledgment is sufficient to take a cause out of the statute of limitations. In the case of *Bryan* v. *Horeman*,† it was held, that the acknowledgment of the defendant to the sheriff, who arrested him, that he owed the plaintiff, was sufficient. Though

* 2 Sel. N. P.
474. 2 East's
Rep. 183. 250.

† 4 East's Rep.
599.

by the form of pleading, it is a new promise, yet it is considered as a revival of the former debt.

4. The case of *Tom* v. *Goodrich** is decisive on this point. The court will not look beyond the bond, which, on the face of it, is a bond with sureties. *Champlin* was the importer of the goods; and implied *assumpsit* is raised, by the bond, from him, as the principal, to his surety.

* 2 *Johns. Rep.* 213.

*Harison*, on the same side, was stopped by the court.

*Wells*, in reply. 1. The admission of the proof of the hand-writing of an absent witness, is certainly a departure from the ancient rule. It was first laid down by Lord *Mansfield*,† in the case of *Coghlan* v. *Williamson*.‡ It is admitted that the witness is living, and in a situation to be examined, under a commission; why then should the plaintiff be excused from producing the best evidence the nature of the case admits?

† *Peake's N. P.* 100.

‡ *Doug.* 89.

In the case of *Wallis* v. *Delancey*,§ Lord *Kenyon* did not consider proof of the hand-writing of the witness who was absent as sufficient, without also proving the hand-writing of the obligor. In *Barnes* v. *Trompfersky*,¶ he admits the introduction of a new practice, or rule. As this court have not, as yet, adopted the relaxation from the ancient rule, the propriety and expediency of such a relaxation may be considered.

§ 7 *Term Rep.* 266. *note.*

¶ *Ibid.*

The great expense attending the execution of a commission abroad, is one reason given, for adopting the relaxation in *England.* But the same difficulty and expense does not attend the executing commissions, in this country. Courts have gone far enough, in admitting proof of the hand-writing of witnesses who are dead.

The reason assigned for receiving evidence, as to the hand-writing of absent witnesses, is, that they are out of the jurisdiction of the court. It is only for a witness, then, to cross the *Hudson* into *New-Jersey*, to enable the

party to give the secondary, or inferior species of evidence, arising from the proof of his hand-writing. There is no hardship, in requiring the additional proof of the hand-writing of the obligor.

In the case of *Mott* v. *Dougherty*, the witness was *dead*, and the only point, before the court, was, as to the sufficiency of the proof of his hand-writing. The rule, for which we contend, is a security against frauds, and the inconvenience is too inconsiderable to form an objection against it.

2. The receipt of the collector ought to have been proved, or authenticated; and it may be a question, whether that receipt discharged the bond, or would be a sufficient defence to a suit brought by the *United States*.

3. The plaintiff did not execute the bond on the credit of the defendant, but that of *Parker*. He knew that *Parker* was the owner of the goods. In the case of *Tom* v. *Goodrich*, there was no other evidence than the bond itself. In the case of *Taylor* v. *Mills* and *Magnall*,* other evidence was admitted, and *Magnall*, though not a party to the bond, was held responsible. The defendant appears in the character of supercargo, or agent. In regard to the *United States*, as to the payment of the duties, for the goods, he was principal; but not so in regard to the plaintiff who knew *Parker*, and the relation in which the defendant stood towards him, as the owner of the goods. The plaintiff and the defendant were, in fact, sureties for *Parker*; and one surety cannot maintain an action against his cosurety, for the money he has paid. The account produced by the plaintiff, states *Parker* as the principal, and the defendant as agent. The whole of the proceeds of the cargo were received by the plaintiff, and passed to the credit of *Parker*. The evidence is conclusive that *Parker* was the principal in this transaction, and so considered by the plaintiff.

* *Cowp.* 525.

ALBANY,
August, 1809.

Sluby
v.
Champlin.

4. It is true, a very slight acknowledgment, will take a debt out of the statute, but there must be satisfactory evidence of the existence of the original debt. The defendant expressed his surprise at the demand. He said that the plaintiff must be paid. This would be sufficient, if there was not another person who ought to pay, or if there was clearly an original debt of the defendant.

YATES, J. delivered the opinion of the court. 1. It appears to be a settled principle, and not contested by the counsel on the part of the defendant, that when the witnesses to an instrument are dead, their hand-writing may be proved. I cannot discover the distinction between such a case, and the one now before us. The witness is without the jurisdiction of the court, and absent in foreign parts, so that it is not in the power of the party to procure his attendance.

The cases adduced, do not establish a contrary doctrine. At most, it appears, that no fixed rule, for some time, existed on this subject in *England.* The argument that frauds may be practised, applies with greater force, where the witnesses are dead. In cases like the present, a better opportunity for detection is afforded. The witness might afterwards return, and the whole transaction be more readily brought home to the party guilty of the fraud. I think the case of *Mott* v. *Dougherty,* (1 *Johns. Cases,* 230.) establishes the law on this subject. The proof of the hand-writing of a deceased witness, was deemed sufficient; and on that occasion the court say, that the cases in support of the rule, are reasonable ; that some relate to absent witnesses ; but the principle, in all, is the same. The proof, therefore, in this cause, of the hand-writing of the subscribing witness, absent in foreign parts, without proving the obligor's hand-writing, was sufficient.

2. The possession of the bond, together with the collector's receipt, I think is competent evidence of the payment of the money. No reasonable account can be given, how the plaintiff obtained the possession of it, without the previous fact of payment; and connecting with it, the circumstance that the collector would be liable on this receipt, for the amount, to the *United States*, it must be deemed sufficient, at least, in the first instance.

3. The next point is, that the plaintiff became surety on the credit of *Daniel Parker*, and not of the defendant.

No right existed in the plaintiff to charge *Daniel Parker* with the amount of the duties. It appears by the bond, that the plaintiff became surety for the defendant; and a subsequent assumption by *Parker* to pay the amount does not appear. If such an arrangement had been actually made, or the amount had been paid by him to the plaintiff, this would have destroyed the defendant's liability, and he might have availed himself of it, in his defence. The decision of this court, in the case of *Tom* v. *Goodrich*, (2 *Johns. Rep.* 213.) settles this point. *Barber*, one of the partners, executed bonds, to the *United States*, for duties on goods imported, on account of the copartnership, and as their property, and *Tom* became surety in the bond. The court established this principle; that the claim of the *United States* against the copartnership became extinguished by the bond of the individual partner, who was alone responsible, and that the surety, who had paid the money, had a right of action against the partner only, who had signed the bond.

4. As to the objection, that the evidence of the acknowledgment of the debt was not sufficient to take it out of the statute of limitations:

It is now generally received as law, that if a party acknowledges a debt to be unpaid, it is such a waiver of the protection of the statute, as to repel the presumption of payment, being a recognition of the former liability. In the case of *Heyling* v. *Hastings*,\* the defendant denied that he bought the goods, but said, " prove it, and I will pay you." This conditional promise was deemed sufficient to take it out of the statute. In the present case, the defendant said, the debt ought to be paid, and mentioned eighteen months, as the time he wanted for payment. This is a promise, sufficient to make him liable. The declaration that he would overlook the papers, and that it was a transaction of a long standing, does not alter the case.

The court are of opinion, that the motion for a new trial must be refused.

Rule refused.