The opinion of the court was delivered by
Gibson, J.
If the note in question had been offered with a yiew to set off an independent debt acquired since the commencement of the action, there is no doubt that it could not be admitted. But it was offered with a quite different view. The action was brought for the balance of a settled account; and no one will pretend that the settlement was conclusive, or that the balance could not after-wards be varied by the act of the parties. At the trial, then, the defendant offered to prove that he and the plaintiff, had reviewed the settlement of the very accounts which gave rise to the supposed balance for which the suit is brought; that on the last settlement the balance fell the other way, and that the plaintiff gave his note for it: all which he offered to prove by the production of the note and by the declarations of the plaintiff himself. The offer then was not of evidence of a cross demand, but that the plaintiff had never had any demand at all. As to the declarations having been given after the commencement of the suit, it is certain that the declarations or the acts of a party in the cause are always evidence, without reference to the time when they were made or done: as in *269 Morris’s Lessee v. Vanderen, 1 Dall. 65, Stubs v. Champlin, 4 Johns. 461, and 1 Phill. Ev. 79. The evidence therefore should have been admitted.
Judgment reversed, and a venire facias de novo awarded,