# Hart *against* Yunt.

A list of and abstract from a number of receipts made by a third person, and which the parties, at the time it was made, admitted to be right as credits in their settlement, is not competent evidence to go to the jury on the part of the defendant who has the original receipts in his possession; the receipts themselves must be produced.

ERROR to the district court of *Lancaster* county.  *Bradford,* president.

In an action for money had and received by *Daniel Hart* against *George Yunt*, the defendant called a witness to prove that he had met the parties at their request, and examined their papers; that he had made a list of receipts for money which they both admitted to be right as credits in their settlement.   The witness produced the list and the defendant offered to read it to the jury, to which the plaintiff objected, but the court overruled the objection, and the paper was read.   The admission of this evidence was the subject of a bill of exceptions, and was assigned for error here, and argued by

*Hopkins*, for plaintiff in error.
*Rogers* and *Jenkins*, for defendant in error, cited 1 *Phil. Ev.* 78.

The opinion of the Court was delivered by
KENNEDY, J.—The court below erred in admitting the defendant to give in evidence to the jury the written memorandum made out by *George Duchman*, of receipts alleged to have been given by the plaintiff to the defendant for moneys received of him at different times in discharge of the demand or claim, for the recovery of which the plaintiff brought this action.  *Duchman* testified that he made this memorandum out from the receipts which were then in the possession of the defendant, and produced by him, read over by him and agreed to by the plaintiff.   It is obvious that this memorandum thus

[Hart v. Yunt.]

made could not in any point of view be considered or be claimed to be better and more satisfactory evidence than a copy of the receipts would have been, after having been proved by the witness to be a true copy of them.   Now can it even be pretended for a single moment that copies of writings, which appear not only to have been in existence, but to have been in the possession of the very defendant himself, ought to be substituted for, and permitted by the court to be given in evidence by him to the jury instead of the originals?   This would be in direct violation of a rule that is considered universal; and than which none is better established: that the contents of a writing under such circumstances can not be proved by a copy. *Stark. Ev.* part 3, sec. 10, page 390.

Among other things, it is said that the foundation of this rule is a suspicion of fraud.   For if it appear from the very nature of the transaction, that there is better evidence of the facts proposed to be proved, which is *withheld,* a presumption arises that the party has some secret and sinister motive for not producing the best and most satisfactory evidence, and is conscious that if the best were to be afforded, his object would be frustrated.   *Ibid.*

But what tends to make the suspicion of fraud in this case still stronger is, that this memorandum of the receipts admitted in evidence is not in fact a copy of them, but falls far short of it.   It is barely a brief abstract from them, showing the amount of the sum of money mentioned in each, without designating on what account or for what purpose the money was received: and I am inclined to think could not legally have been admitted as a substitute for the original if they had been lost or destroyed.   It no doubt might have been used by the witness *George Duchman* to refresh his memory in proving the contents of the receipts, had he been called on for that purpose in case of their loss or destruction; and this is the most, as it appears to me, that could have been made of it.

There is nothing in the two remaining errors which have been assigned.   The judgment of the court below is therefore reversed on the first error assigned; and a *venire facias de novo* awarded.

Judgment reversed, and *venire facias de novo* awarded.