# Haydock *against* Tracy.

A promise made on Sunday to pay a debt which was barred by the Statute of Limitations, without making proof of the original debt, is not sufficient evidence to maintain an action.

ERROR to the Common Pleas of *Bradford* county.

Henry W. Haydock against George Tracy. Case in *assumpsit*. The plaintiff declared for goods sold and delivered to the defendant; for goods sold and delivered to the defendant and one Ridgway, the recovery of which was barred by the Statute of Limitations, but which the defendant promised to pay. The only proof given in the cause was the deposition of Humphrey B. Dunham, the material parts of which were as follows:

" In the fall of 1837, he called on the defendant Tracy, and presented to him an account for merchandize furnished him (Tracy) and one Ridgway, by the plaintiff. Tracy acknowledged the correctness of the account so presented, but said he supposed it had been settled by his agents in New York, who had compromised with his creditors generally, and, as he supposed, with all; that, however, he had receipts or accounts, which would show whether it had been settled or not; that he would examine them, and provided he could not find proof of its settlement, he would satisfy the claim, either by remitting the amount, or, as he expected soon to visit the city, by calling on Haydock, the plaintiff, personally, and paying it. This is all the defendant said about it; and the only time he ever presented such an account to, or called on the defendant."

" On looking at the paper handed to him, marked ' No. 1,' and annexed hereto, he thinks it is not the account above mentioned, presented to the defendant; that is to say, it is not the same paper. According to the best of his recollection and belief upon the subject, he left with the defendant, the bill so made out and presented to the defendant, as above mentioned, and did not preserve a copy of it. The bill or account so presented to defendant, was not of the same amount, nor were all the items or dates the same as those of ' No. 1,'" (the main difference, however, being that the interest on the account presented to defendant was computed to about the time it was presented: whereas, in paper ' No. 1,' it appears to be computed to September 19th 1839.) The account so presented to defendant, the correctness of which was acknowledged by him, as aforesaid, was an account for merchandise furnished on the 20th

[Haydock v. Tracy.]

of February and the 31st of July 1826, as per bills previously rendered, amounting together to the sum of $127.03, on which there was credited, as of July 31st 1826, the sum of $30, and on which also, interest was computed and added, at the rate of 7 per cent. per annum on the balance, allowing six months credit on each of the said several bills."

" The promise made by the defendant to pay the account above mentioned, as above stated, was made on Sunday; and he saw the defendant in the year 1837, on no other day but Sunday."

The court (Lewis, President,) instructed the jury that the evidence given did not sustain the plaintiff's declaration, and he was not entitled to recover.

*Williston,* for plaintiff in error.
*Overton,* for defendant in error.

The opinion of the Court was delivered by

HUSTON, J.—This case comes before us in such a shape that we must affirm the judgment, unless we suppose some evidence to have been given other than is sent up to us. There is no evidence before us that the plaintiff sold or delivered any goods to the defendant alone, or to him and Ridgway, except what appears in the testimony of Dunham taken on a commission. (Here the learned judge states the substance of the deposition).

On this evidence the Judge told the jury that the plaintiff could not recover—and certainly he could not. I do not say what might have been the case if the plaintiff showed that his books showing a sale and delivery of goods to Tracy & Ridgway, had been burnt or destroyed; nor even if notice had been given to Tracy to produce the account which the witness swears he believes he left with him. Nothing of this was done or offered. When a plaintiff sues for the price of goods sold and delivered, he must prove that such goods were sold and delivered, and the amount of goods sold, and the price of them. This, if sold within six years; and he must make in court the same or some legal proof of such sale and delivery, if sold more than six years before suit, and the plea of Statute of Limitations is interposed. The pleas of *non assumpsit* and *non assumpsit infra sex annos,* are both put in, and the plaintiff must always make out his case on the first plea before any question on the second can arise. It can never be that a stale demand can be recovered on evidence which would not support a suit on a contract made one year ago. The paper annexed to the deposition was not even a copy of the one presented to the defendant five years ago. The proof in court, then, was parol evidence of a sale of goods in 1826, by the memory of what a man heard five years ago, and this without any proof that the books of a merchant showing date and quantity sold, and price, are lost—or

[Haydock v. Tracy.]

any notice to the defendant to produce the paper which the witness thinks he left with him.

It has been decided by this court, that where a witness in his deposition swears that a certain draft of a survey was given him, " a copy of which is annexed to this deposition," the deposition and copy of the draft are not evidence, unless the original draft is accounted for. In *Hart* v. *Yunt* (1 *Watts* 253), parties met before referees, and defendant produced receipts. A person present wrote down a list of them, and their dates and amounts. This list is not evidence, though proved by him who made it; the receipts must be produced in court, unless the non-production is satisfactorily accounted for. Here the paper annexed to the deposition is the work of the plaintiff, and differs in date and amount. See *Withers* v. *Atkinson* (1 *Watts* 243). We do not know on what the opinion of the court " that on the evidence and law, plaintiff could not recover," was founded. In addition to what has been said, there was discussion on whether the evidence took the case out of the Statute of Limitations, and whether a contract or promise to pay, made on a Sunday, will support an action. On the first, there was an assertion that the defendant believed the debt was paid many years ago; he acknowledged he was at one time indebted; thought he had receipts or accounts which would show whether it had been paid by his agents in New York; and, if he could not find proof of its settlement, promised to pay. Now he might find letters or accounts from his agents which would satisfy himself that it had been paid, and which yet might not be admissible evidence in court of actual payment; and I would hesitate long, if those agents in New York were dead, and their books and papers not to be found, before I would say, this was a promise to pay, unless legal evidence of payment could be found in 1842. The cases cited will show how the law on this subject has been held in this State; particularly 6 *Watts* 219, and 10 *Watts* 172.

But it is not necessary to put the case on the decision of this point. The proof is full, made by the plaintiff's own witness, that he called on business, on the defendant, on a Sunday—produced an account—entered into a discussion respecting that business—and, as he says, defendant made a new and conditional contract, on which contract plaintiff seeks to recover. Our Act of Assembly of 22d of April 1794, says, " If any person shall do or perform *any worldly employment* or *business whatsoever*, on the Lord's day, commonly called Sunday, works of necessity and charity only excepted, and be convicted thereof, every such person so offending shall for every such offence, forfeit and pay," &c. &c. It is now settled beyond all controversy, say this court, that if any act is forbidden under a penalty, a contract to do it is void. 6 *Watts* 231, 233. There are two or three cases in our books in which this defence was made and did not avail, because the facts necessary to prove it were not made out, and the defence being generally by

[Haydock v. Tracy.]

one who had violated the law as much as the plaintiff, clear proof of the violation of the statute was required. On this ground, as well as the first mentioned, the court was right in saying the plaintiff could not recover.

There was on the paper-book, that a certain part of the deposition, which stated certain declarations of a brother of defendant, were not taken into view by the court. Certainly they could not affect the cause, unless the brother was proved to be the agent of the defendant. In this the court was clearly right; besides, they appear to be offers by the brother to effect a compromise of this business, and were not accepted by the plaintiff.

Judgment affirmed.