## WILSON *vs.* CALVERT, ADM'R.

1. Where the bill of exceptions fails to set out any of the evidence, this court will presume that a charge given by the court below was not abstract, but was authorised by the facts.

2. Where all the items of an account are on one side, the entire account is not taken out of the statute of limitations, because one or more of the items may not be barred; but where there are mutual accounts or dealings between the parties, that is, where the account consists of debits and credits on each side, if a part of the account be not barred by the statute, none is.

3. The term, *account current*, in its usual mercantile sense, implies an account, which contains items of debit and credit between the parties, from which the balance due to the one or the other is, or can be ascertained.

ERROR to the County Court of Mobile.

CAMPBELL for the plaintiff in error:

Cited 6 Cow. 193 ; 7 Wend. 322; 14 Pick. 188 ; 1 N. Hamp. R. 19 ; 7 Halst. 339.

K. B. SEWALL, for the defendant.

DARGAN, C. J.—This was an action of assumpsit, by the defendant against the plaintiff in error, upon an account. One of the pleas relied on was the statute of limitations of three years, upon which issue was joined. On the trial the defendant below requested the court to charge the jury, "that all that part of the account, which had accrued more than three years before the bringing of the suit, was barred by the statute." This charge the court refused to give, and instructed the jury that if any part of the *account current* was within the statute, and not barred, no part of the *account was barred.* The bill of exceptions contains none of the evidence, and we must, therefore, presume that the evidence required the charge which the court gave, for we will not presume that the court gave an abstract charge unless it were shown to be such, by incorporating into the bill of exceptions all the evidence; though, if the court should refuse to give a charge requested, the party excepting must set out so much of the evidence as will show that he was warranted in asking the charge to be given. We must, therefore, examine whether the charge given is correct as a legal proposition. In the case of Todd v. Todd, 15 Ala. 743, we held that where the accounts between the parties were not mutual, but all the items were on one side, the entire account is not taken out of the statute, because one or more of the items may not be barred. But where there are mutual accounts between the parties, that is, if the account consists of debits and credits on each side, or it is shown that there has been a reciprocity of dealings between the parties, then if there be a part of the account not barred by the statute, none is. Applying the principle of this decision to the charge of the court we see that the character of the account must determine whether it was erroneous or not. If the account consisted of debits alone, or if the items were all on one side, then the court erred, but if the account consisted of mutual debits and credits then the charge is free from error. But we can only arrive at the character of the account from the language of the charge which is, " that if any part of the *account current* was not

barred, none was." What does the expression, *account current* imply? We think the usual mercantile sense is, an account which contains items of debit and credit between the parties, from which the balance due to the one or the other is, or can be ascertained, and in that sense we infer the court used it. And inasmuch as we are to presume, in the absence of all the evidence, that the proof demanded or warranted the charge as given, we cannot say there was error. If the accounts did not contain debits and credits on both sides, but if it was an account against the defendant, and there were no credits or mutual dealings, it should have been shown by the proof. The charge would not be erroneous if there were mutual dealings between the parties, and we presume the charge was given in reference to that state of facts, for the language of the charge will warrant that conclusion. Let the judgment be affirmed.