BRADFORD *vs.* SPYKER'S ADM'R.

[BILL IN EQUITY FOR SETTLEMENT OF PARTNERSHIP ACCOUNTS.]

1. *Statutory bar to suit for account.*—Six years, which is the statutory limitation to an action at law for an account, likewise bars a suit in chancery for the settlement of partnership accounts.

2. *Waiver of statute by offer to account.*—If the respondent, in his answer to a bill for an account, declares that "he is now, and at all times has been,

ready and willing to account;" but insists that the balance on a proper accounting will be in his favor, and accompanies his answer with a plea of the statute of limitations, the plea is not waived by the offer to account.

3. *Exception to statute, as to mutual accounts, and accounts between merchants.*—Accounts between the several members of a mercantile partnership are not within the proviso to the statute of limitations respecting "the trade of merchandise between merchant and merchant;" but, unless all the items are on one side, they are mutual accounts, which the statute does not bar if one item is within the period of limitation.

4. *Sufficiency of subsequent promise to remove statutory bar.*—A subsequent promise made after the commencement of the suit, or an admission in the answer of items of accounts arising after the filing of the bill, is not sufficient to revive a cause of action already barred.

APPEAL from the Chancery Court at Wetumpka.

Heard before the Hon. JAMES B. CLARK.

THE original bill in this case was filed on the 25th of April, 1848, by B. H. Spyker, as administrator of Jonathan Spyker, deceased, against Joseph H. Bradford; and sought a settlement of the partnership accounts of a mercantile firm which had existed, in the city of Montgomery, between said Jonathan Spyker and said Bradford. The partnership was formed in December, 1833, and was dissolved about the 1st January, 1836, when the stock of goods remaining on hand was divided between the partners. Bradford was the active partner of the firm, and the object of the bill was to make him account for assets alleged to have been since collected by him. Spyker died in January or February, 1842. The respondent, in his answer, admitted the formation of the partnership at the time alleged in the bill; but stated, that the firm was actually dissolved in August, 1835, though it continued the sale of goods on hand until the 1st January following. He further admitted that he had collected debts due the firm since that time, and expressed his readiness and willingness to account for them; but insisted, that, on a proper accounting, a balance would be found in his favor. The material parts of the answer, bearing on these points, are copied into the opinion of the court. An amended answer was afterwards filed, pleading the statute of limitations of six years in bar of the relief sought by the bill; and subsequently an amended bill, averring, in avoidance

of the plea of the statute, the collection of money by the defendant within six years before the filing of the bill.

On final hearing, on pleadings and proof, the chancellor held, that the bill would have been dismissed for want of equity, or on account of the staleness of the demand, if the defendant had interposed either defense; but that he had waived the plea of the statute of limitations, by averring in his answer his readiness and willingness to account. He therefore rendered a decree for the complainant, ordering an account; and his decree is now assigned as error.

WM. P. & T. G. CHILTON, with whom were MARTIN & BALDWIN, for the appellant.—1. The chancellor misconceived the effect of the decisions on which he held that the offer to account overruled the plea of the statute of limitations. Those cases only go to the character of the promise required to take a case out of the influence of the statute. The error of the chancellor consists in not distinguishing between a promise relied on in the pleadings, as reviving a debt previously barred by the statute, and an offer to account in an answer accompanied by a plea of the statute. In such case, to hold that the plea is overruled by the answer, is to ignore our statute, which authorizes the defendant to plead, demur and answer at the same time, and which was intended to secure to him, in adopting that method of pleading, the same benefits from each defense as if they were separately pleaded and relied on. It was once ruled, that a plea of the statute of frauds, accompanied by an answer admitting the contract as charged, was overruled by the answer; but such an effect could scarcely be contended for under our statute. The point is fully covered by Crawford v. Childress, 1 Ala. 482–87. The answer certainly does not overrule a demurrer; why should it have a greater effect in overruling the plea?

2. The offer to account is limited and qualified—confined to the items set forth in the exhibit attached to the answer. It asserts and reiterates, again and again, the

staleness of the demands, and the statute which relieves the defendant from accounting for the failure to collect notes which were barred while in Spyker's hands. The qualified admissions of the answer, offering to account for specified items, cannot be construed, contrary to their plain intent and purport, into an offer to go into the whole account. The authorities clearly show, that such an effect cannot be attributed to a qualified admission, accompanied by an averment that the balance is in the respondent's favor.—Long v. Greenville, 3 Barn. & Cress. 10; Collyer v. Willock, 4 Bing. 315; Fearn v. Lewis, 6 Bing. 349; Linsell v. Bonsor, 2 Bing. N. C. 241; Tippets v. Hearne, 1 Cr. M. & R. 252; Mills v. Fowkes, 5 Bing. N. C., 455. It is admitted, that some old decisions are to be found, to the effect that a bare acknowledgment of a debt will remove the bar. Lord Mansfield once said, that the slightest acknowledgment would have that effect.—Trueman v. Fenton, Cowper, 584. But this decision is put down by Greenleaf among the overruled cases; and Lord Mansfield himself, in reviewing the case of Bryan v. Horseman, 4 East, 599, said: "The reports on the statute of limitations have gone enormous lengths; there never was such another case as that cited."—Mucklow v. St. George, 4 Taunton, 613. But the established doctrine now is, that any accompanying expression, going to negative a promise to pay, will qualify the admission, and prevent a revival of the cause of action.—3 Wendell, 187; 2 Pick. 368; 1 Martin & Yerger, 270; 8 Cranch, 72; 11 Wheaton, 309; 1 Peters, 351; Angell on Limitations, 218; 2 Greenl. Ev. (last ed.) §§ 441–45.

3: The admitted collection of $80 by Bradford in 1849, *after the commencement of the suit*, is not sufficient to remove the bar of the statute. In the first place, to give it that effect, would be to allow a plaintiff to recover upon proof without allegations, which is contrary a well-settled rule of chancery pleading. But, even if this matter were brought forward by supplemental bill, the promise would not be sufficient to remove the bar. But two authorities are cited in support of its sufficiency: they are—Danforth v. Culver, 11 Johns. 146; and Yea v. Fouraker, 2 Burr.

10

1099. The former case is not in point; although the head-note purports to be such a decision, it is not warranted by the opinion of the court. The case of Yea v. Fouraker, then, is the only important case which sustains the position of the appellee; and it has been expressly overruled by several recent English cases.—Bateman v. Pindar, 3 Ad. & El. 572; Tanner v. Smart, 6 Barn. & Cress. 602; Angell on Limitations, pp. 219, 224, 239; 2 Greenl. Ev. (last ed.) § 440, note 1; Smith's Leading Cases, vol. 1, 701; 1 Ala. 488. Moreover, the principle on which Yea v. Fouraker was decided, to-wit, that the operation of the statute was to raise a presumption of payment, has been distinctly repudiated in the cases above cited, and is irreconcilable with the decisions of this court as to the effect and operation of the statute.—Bumgardner v. Taylor, 28 Ala. 687; Torbet v. Wilson, 1 Stewart & Porter, 205.

PARSONS & J. WHITE, *contra.*—1. The defendant waived the benefit of the statute of limitations, by admitting his receipt of money belonging to the firm of Bradford & Spyker, and declaring his readiness and willingness to account for it. The expression of a readiness and willingness to pay a debt barred by the statute of limitations, is a sufficient acknowledgment to avoid the bar, and revives the cause of action.—2 Greenl. Ev. § 440; Ross v. Ross, 20 Ala. 105; and other decisions of this court. If Bradford, in response to a demand by Spyker's administrator for a settlement, had made an admission in the words of his answer, it cannot be doubted that it would, under our decisions, have been sufficient to remove the bar of the statute; and no reason is perceived why a different effect should be attributed to the words when used in an answer to a bill for account. If the defendant intended to rely on the plea of the statute, as shielding him from an account, why declare his readiness and willingness to account? The plea is inconsistent with the offer to account, and, therefore, is overruled or waived by it. A party is required to claim the benefit of the statute of imitations—to plead and insist on it—or he will be held

to have waived it. If the bill had sought the recovery of a single debt or demand, and the defendant had filed a similar plea and answer, can it be doubted that the statutory bar would have been avoided?

2. It is said that the admission was qualified and limited to the matters specified in the exhibit, and cannot be construed into an offer to go into a general accounting; in other words, that he is willing to account as far back as his interest will admit, but no farther. The court certainly will not sanction a principle which would work such manifest injustice.—Baird v. Baird, 1 Dev. & Bat. 538-41; Welch v. Usher, Riley's (S. C.) R. 121; Ferns v. Burton, 1 Vermont, 439; U. S. Eq. Digest, 276, § 545. The bill seeks to recover the balance due from the defendant, which can only be ascertained by taking the entire account. Besides, the exhibit to the answer admits mutual accounts; and the bar of the statute being inapplicable to the last items, the whole account is taken from out its influence.—Todd v. Todd, 15 Ala. 745; Wilson v. Calvert, 18 Ala. 274; Angell on Limitations, 129, 132, and cases cited; 13 Vermont, 574; 22 Pick. 291.

3. That the admissions relate to items collected after the bill was filed, makes no difference. It has been expressly decided, that a promise, made after the commencement of the suit, is sufficient to remove the bar of the statute.—Yea v. Fouraker, 2 Burr. 1099; Danforth v. Culver, 11 Johns. 146. It is true there are cases, some of which are cited for the appellant, which hold that a subsequent promise creates a new and distinct cause of action, for which the original promise is only the consideration; and that the pleadings must conform to the new promise. But these cases cannot be reconciled with the principle on which the decisions of this court rest. It is the settled practice here, as elsewhere, to declare on the original promise; and, if the plea of the statute is interposed, to reply the new promise. If the contrary doctrine be true, an executor could not reply a new promise to himself, in answer to a plea of the statute; nor could a recovery be had, under a declaration on an original promise which was absolute, on proof of a subsequent

conditional promise; nor could a subsequent promise to a third person be given in evidence, under a declaration on the original promise; and yet a recovery has been allowed in each of these cases, notwithstanding the variance or departure, which, if the principle here contended for by the appellant be true, would have been an insuperable obstacle.—Townes & Nooe v. Ferguson, 20 Ala. 149; Hall, Weeks & Co. v. Darrington, 9 Ala. 502; Jordan v. Hubbard, 26 Ala. 438; St. John v. Garrow, 4 Porter, 223; 5 Hill, 614; 1 Hill, 590.

WALKER, J.—By the act of 1802, six years is made the period of limitation to actions of account.—Clay's Digest, 326, § 78. Courts of law have, through the action of account, concurrent jurisdiction with courts of chancery over a partnership account, though the remedy has fallen into disuse.—Atwater v. Fowler, 1 Edw. Ch. R. 417; Collyer on Partnership, book III, § 4, page 372, § 298, note 1; Duncan v. Lyon, 3 John. Ch. 360. Where the jurisdiction of the chancery court is concurrent with that of a court of law, the statute of limitations governing the legal action applies.—Crocker v. Clements, 23 Ala. 296; Askew v. Hooper, 28 Ala. 634; Johnson v. Johnson, 5 Ala. 90; Gunn v. Brantley, 21 Ala. 633; Maury v. Mason, 8 Porter, 227; Collyer on Part. 339, § 374; 2 Dan. Ch. Pl. & Pr. 730–731; Patterson v. Brown, 6 Mon. 10. The statute of limitations of six years is, therefore, applicable to a suit in chancery, for the settlement of a partnership.

The dissolution of the partnership, and the division of the stock, occurred at least twelve years before the commencement of the suit, To avoid the conclusion that the statute of limitations has during that period perfected a bar, two positions are taken: 1st, that by an assertion contained in the answer, that the defendant had always been, and was still, ready and willing to account for certain debts, the bar of the statute was removed; and 2d, that items of debit and credit, in the account exhibited with the answer, defeat the plea of the statute of limitations.

That part of the answer, in which the offer to account is found, is in the following words : " He admits, that he has collected some money on notes and accounts due the firm, since August, 1835, and also since January, 1836, and has disposed of some real estate belonging to said firm ; *but he is now, and at all times has been, ready and willing to account for the same,* and here submits a full statement of all such notes, accounts, and sales of land, which have come to his possession, of which he has made collection, and of which no account has been rendered, as set forth in exhibit A, which he again asks may be taken as a part of his answer." "Exhibit A " contains a charge against the respondent for $80 collected after the commencement of the suit, and a credit of $309 35 for money paid out after the commencement of the suit. There is no item of the account submitted within six years next before the institution of the suit, and the answer asserts that, upon an accounting, there will be a balance in favor of the defendant.

[2.] The declaration by the respondent, in his answer, of his past and existing willingness to *account* for the items mentioned in his exhibit, may be taken as including the assertion of the existence of such readiness and willingness before the commencement of the suit, as well as at the time of answering. We do not doubt, that if an answer contains that which is requisite to defeat a plea which is incorporated in it, the plea would fail, because it would not be regarded as well pleaded.—Andrews and Wife v. Huckabee, 30 Ala. 143 ; Goodwin v. McGehee, 15 Ala. 239 ; Ferns v. Burton, 1 Verm. 439. But a mere expression of readiness and willingness " *to account,*" especially when it is accompanied by the assertion that the balance upon the accounting would be in the party's favor, would not, if made before the commencement of the suit, remove the bar. It can have no greater effect, when made after the suit, and incorporated in the answer. To revive a cause of action barred by the statute, it is necessary that there should be an express or implied promise to pay ; and a promise will not be implied, unless there is an acknowledgment of a liability and willingness to pay

the demand.—Evans v. Carey, 29 Ala. 99; Townes & Nooe v. Ferguson, 20 Ala. 147; Ross. v. Ross, *ib.* 105; Childress v. Crawford, 1 Ala. 482; Pool v. Relf, 23 *ib.* 701. It is not sufficient that there should be a willingness to account. An account, it is true, is one object of the suit; but it is the mere means of ascertaining the amount of the balance, which the complainant claims to exist in his favor. This balance constitutes the demand or debt which the complainant seeks to recover, an acknowledgment of a liability and willingness to pay which is necessary to authorize the inference of a promise.

The entire answer is to be taken together, in determining whether there is a promise. Looking through the answer, we find what the complainant insists is an acknowledgment sufficient to avoid the statutory bar accompanied by a denial that the defendant owes any thing to the complainant, and asserting that the indebtedness is in his favor. If the expression in reference to accounting would be sufficient, standing alone, to defeat the plea, the other expressions would qualify and explain it, and show that the defendant did not intend to make any promise to pay. The principle is, that a promise cannot be inferred from expressions which are coupled with words negativing the intention to make such promise.—Perley v. Little, 3 Greenl. 97–102; Purdy v. Austin, 3 Wendell, 190; Sanders v. Gelston, 15 Johns. 521; Angell on Limitations, 232.

[3.] The next point is, whether the occurrence of two items, one of debit, and one of credit, after the commencement of the suit, would revive the cause of action. Although there are conflicting authorities upon the subject, we think that accounts between partners, *inter sese*, do not come within the exception to the statute in reference to the trade of merchandise between merchant and merchant. Partners engaged in merchandising do not deal with each other as merchants, but as one merchant the partnership made up by the aggregation of individuals deals with others.—Patterson v. Brown, 6 Monroe, 11; Coalter v. Coalter, 1 Rob. (Va.) R. 79; Spring v. Gray, 6 Mason, 503; S. C., 6 Peters, 151; Codman v. Rogers, 10 Pick.

112. But, notwithstanding the accounts between partners do not come within the exception applying to the trade of merchandise between merchant and merchant, their accounts are mutual accounts, unless the items are all on one side. Where there are mutual accounts between two persons, whether merchants or not, and there is an item within the period of limitation, the whole account will be taken out of the statute.—Wilson v. Calvert, 18 Ala. 274; Todd v. Todd, 15 Ala. 743. The same principle would apply, where, after dissolution, both partners participate in the close of its affairs, and there are consequently debits and credits on both sides.—Tatum v. Williams, 3 Hare, 347, (25 E. Ch. 346;) Ault v. Goodrich, 4 Russ. 430, (4 Eng. Ch. 430;) Coster v. Murray, 5 Johns. Ch. 522; S. C., 20 Johns. 576; Spring v. Gray, *supra;* Barber v. Barber, 18 Vesey, 286; Atwater v. Fowler, 1 Ed. Ch. 417; Codman v. Rogers, *supra;* McNair v. Ragland, 3 Mur. (N. C.) 139; Mandeville v. Wilson, 5 Cranch, 16.

[4.] This doctrine, that items within the period of limitation will avoid the bar, is put by Lord Kenyon, in the decision of Catling v. Skoulding, 6 Term R. 180, (upon which case our decisions of Todd v. Todd, and Wilson v. Calvert, *supra,* are based,) on the ground that a promise may be implied. Therefore, the question whether the occurrence of items in the account after the commencement of the suit will revive the cause of action, is identical with the question, whether an express promise after the commencement of the suit will have that effect. Thus the case is narrowed down to this point: Will a promise after suit brought constitute a good reply to the plea in the pending suit?

In Yea v. Fouraker, 2 Burr. 1099, a case decided in 1760, it is said, without the assignment of a reason, "that an acknowledgment of a debt after the commencement of the action takes it out of the statute of limitations." The same doctrine is asserted, *arguendo,* in Thornton v. Illingworth, 2 B. & C. 824, (9 E. C. L. 256;) and it is placed upon the ground, that the statute proceeds upon the supposition of payment. In the case of Little v.

Blount, 9 Pick., Thornton v. Illingworth is quoted from in argument without any expression of approval or disapproval. In Morris v. Vanderen, 1 Dallas, 64, it is incidentally remarked, that there was one case in the books, where it was held, that an acknowledgment of a debt after suit takes it out of the statute. In Sluby v. Champlin, 4 Johns. 461, an acknowledgment made at the time of the defendant's arrest was held sufficient to remove the bar. In the head-note to Danforth v. Culver, 11 Johns. 146, it is said, that a promise after the commencement of the suit is sufficient; but the opinion does not touch this point. In Love v. Hackett, 6 Geo. 486, there is a remark not necessary to the decision of the case, that a promise after the commencement of the suit would be a sufficient reply to the plea.

Two theories of the statute of limitations have been put forth. One is, that the statute merely creates a presumption of payment. The consequence is, that, under this theory, the statute became rather a rule of evidence, and any evidence would prevent its operation upon the case, which showed that the debt was due and unpaid when the suit was commenced. Admissions and acknowledgments occurring at any time, whether before or after the suit, would, of course, be adequate, under this theory, to take the case out of the statute. Another theory is, that the statute takes away and extinguishes the remedy; and that a promise, express or implied, is necessary to the maintenance of the action; and that it is the new promise which gives the remedy, which the statute took away. Upon this theory, the action could not be upheld by a promise made after suit; and, in our opinion, this is the correct exposition of the principle upon which the statute proceeds, and the decisions which admit the sufficiency of a promise subsequent to revive the cause of action are wrong.

In 1827, long after the decision in Yea v. Fouraker, supra, and three years after the decision in Thornton v. Illingsworth, supra, the case of Tanner v. Smart was decided.—6 B. & C. 603, (13 E. C. L. 273.) In that case, the proposition that the statute is founded on

the presumption of payment was repudiated, and with it
the idea that any acknowledgment sufficient to rebut
that presumption would avoid the bar. Yea v. Fouraker
heads a long list of cases, cited in that case, as giving an
incorrect exposition of the principle upon which the
statute operates. In the still later case of Bateman v.
Pindar, 3 A. & E. (N. S.) 57, (43 E. C. L. 873,) the decis-
ion in Yea v. Fouraker is expressly overruled, and the
*dictum* in Thornton v. Illingworth is declared to have been
wrong. The judges said, that those two cases were right,
if the statute takes effect upon the ground that, after a
certain time, it shall be presumed that the debt has been
discharged; for, if that be so, an acknowledgment at any
time would rebut that presumption; but that in Tanner
v. Smart the earlier cases were revised, and the doctrine
as to presumption of payment repudiated, and that since
that decision an acknowledgment of payment after suit
would not prevent the operation of the statute.

In New York, where the decision in Sluby v. Champ-
lin, *supra*, was made, the courts adhere to the idea, now
exploded in England, that the statute is founded upon
the presumption of payment.—See Phillips v. Peters,
21 Barbour, 351. The decisions of that State would,
therefore, be no authority where the opposite theory of
the statute was adopted. The incidental remark made in
Morris v. Vanderen refers to, but does not in any way
adopt, the case which asserts that a promise after suit
would defeat the bar. Nor does the decision in Little v.
Blount, *supra*, adopt that doctrine; on the contrary, it
maintains the opposite. It says, "The new promise alone
gave the remedy. There was a sufficient consideration
for this promise. A debt barred by the statute of limita-
tions is a good consideration for an express promise.
But it is not necessary to declare on the new promise.
According to the established rules of pleading, the plain-
tiff had a right to declare on the original promise; but,
when the statute of limitations was pleaded, he might
reply the new promise. When the pleadings assume this
shape, the original promise is apparently the cause of
action, but it is the new promise alone that gives it vital-

ity; and that substantially is the cause of action." The remark in the Georgia case of Love v. Hackett, *supra*, seems to have been made upon the authority of Yea v. Fouraker, and Danforth v. Culver, without observing that the former was overruled, and the latter incorrectly represented in the head-note.

The court of appeals of South Carolina maintain, in an able and conclusive argument, in Reigne v. Desportes, Dudley's L. & E. 118, that the old debt is nothing more than the consideration of the new promise, and that this new contract is the cause of action. The same court, in the case of the Wingaw Indigo Society v. Kidd, Dudley's L. & Eq. 115, decide, that an action brought on a note barred by the statute of limitations cannot be sustained by evidence of a promise to pay made after the action was commenced. The court, in the decision, used the following language: "According to the principles of the case I have cited," (Reigne v. Desportes, *supra*,) "to entitle the plaintiff to recover, it was not necessary to declare on the new promise. Still, however, the plaintiffs cannot recover on the proof; for, although they are not required to declare on the new promise, yet they are required to show a cause of action when the writ bears date. This could not be done by proof of a promise made subsequently. Such proof, in strictness, was inadmissible; but, when not objected to, and received as in this case, it would only show that, at the commencement of the plaintiff's action, no cause of the action existed. To permit a recovery on such proof, would be about as reasonable as to permit a recovery on a note not due when the plaintiff's action was commenced."

In the case of Bell v. Morrison, 1 Peters, 351, which is a controlling decision in most of the American courts, the statute was regarded as extinguishing the remedy; and it was held, that the recovery must be upon the new promise; and that the action is maintainable only by virtue of the new promise. That decision was declared to be a correct exposition of the law by this court, in Crawford v. Childress, 1 Ala. 482, and has ever since been adhered to. In Crawford v. Childress, this court said: "The statute

of limitations is a wise and beneficial law, *not designed merely to raise a presumption of payment of a just debt from lapse of time*, but to afford security against stale demands, after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of the death or removal of witnesses. That there are authorities, which assert that the statute is founded in presumption of payment, cannot be denied; but the opposite authorities are sustained by the current of decisions at this day, as more consonant to legal rules." Again, the uniform decision in this State, that an express or implied promise is necessary to prevent the operation of the statute, is irreconcilable with the idea, that the statute is founded in mere presumption of payment, or is a rule of evidence which may be rebutted by admissions made after the suit is brought. The requisition that there must be a promise is only consistent with the supposition that the right of action is gone—that the remedy is lost, and that the right of action exists only by virtue of the new promise. It is, furthermore, only upon that supposition that our decision in Bumgardner v. Taylor, 28 Ala. 687, can be vindicated. The decision in that case, which is supported by the Pennsylvania decision of Haydock v. Tracy, 3 W. & S. 507, is, that a promise made on Sunday will not revive the cause of action. Neither the law of this State, nor that of Pennsylvania, would exclude evidence of admissions because they were made on Sunday. Those decisions rest upon the idea, that the new promise is a contract, based upon the old promise as its consideration, and that it is the real foundation of the action.

The language of the statute of limitations is, that the actions "shall be commenced within six years after the cause of action accrued, and not after."—Clay's Dig. 326, § 78. The palpable effect of this language is, that when the defense is made, no action upon the original promise can be maintained, after the expiration of the prescribed period. If, then, an action can be had, it must be upon the new promise. The true and legitimate construction of the statute affords, therefore, a strong argument in

support of the position which this court has heretofore occupied upon this question.

We are impelled by the authorities cited, and the reasoning adduced, to the conclusion, that the new promise is the real and true cause of action, and that it is upon it that the recovery must be had. We could not attain a different conclusion, without a manifest departure from the established judicial policy of this State, as exhibited in repeated decisions of this court. From this conclusion a decision fatal to the suit, upon the plea of the statute of limitations, is inevitable. For it is a principle, to which there is no exception now remembered, that there must be a complete cause of action at the commencement of the suit.

A plausible argument against our conclusion has been drawn from the practice of declaring on the old promise. The reply to this is, that the declaring upon the original promise is an anomaly in the law, having its sanction rather in practice, than in principle; and that, as was remarked by C. J. Best, " the new promise ought, in strictness, to be declared on; but the practice is inveterate the other way, and we cannot get over it."—Upton v. Else, 12 Moore, 303, (22 E. C. L. 451.) Although the new promise is brought forward in the declaration, yet, (as was said by this court in Crawford v. Childress, *supra*,) " It is *considered* as one of the promises laid in the declaration, and one of the causes of action which the declaration states."

We need not consider the question, whether a subsequent promise to the representative could be replied to a suit upon promises by the deceased. Upon that question the authorities are conflicting, and it does not arise in this case.—Angell on Limitations, 316, § 5.

It is not contended, and we do not find, that the matters averred in the amended bill, by way of replication to the plea of the statute of limitations, are sustained by proof, farther than that which we have already noticed. It is, therefore, not necessary for us to notice them in this opinion.

It is due to the chancellor who decided the case below to state, that the fact does not seem to have been called

to his attention, that the matter relied upon to take the case out of the statute occurred after the commencement of the suit.

The decree of the court below must be reversed, and a decree here rendered, dismissing the complainant's bill; and the complainant must pay the costs of the court below, and of this court.