Mr. Chief Justice Alvey
delivered the opinion of the Court:
The prayer of the defendants, being in effect a demurrer to the sufficiency of the evidence, must be taken to admit the truth of all the evidence offered by the plaintiff and all reasonable deductions and inferences therefrom; as upon no other principle could the case have been withdrawn from the consideration of the jury upon direction to find their verdict *398 for the defendants. Conceding, then, the truth of the plaintiff’s evidence,' and all fair inferences that could be drawn therefrom, there would seem to be no ground for the contention that the evidence was not sufficient to relieve the claim of the bar of the statute.
The proof, as we have seen, is, that one of the partners said to the agent of the plaintiff that he would pay the notes ; and this was on the 20th of February, 1890, before the statute of limitations had become a bar, and when it was not a question whether a barred and extinct claim should be revived by a promise or acknowledgment, founded solely upon the original consideration of the debt. The debt was a legally subsisting debt at the time of the acknowledgment and promise to pay; and such promise or acknowledgment simply precluded and deferred the operation of the statute of limitations, founded as it is upon the presumption of payment or other means of extinguishment, by reason of the lapse of time, until after the lapse of the statutory period, from the time of such promise or acknowledgment. Part payment of principal, or payment of interest on the debt, by simple contract, or the acknowledgment of the existence of such debt, by one joint debtor, before the statute has become a bar, is payment or acknowledgment by all; and the statute does not attach and become a bar until after the lapse of three years from- the time of such payment or acknowledgment so made. This is upon implied authority. But after the debt has become subject to the bar of the statute, then the promise or acknowledgment, or part payment, by one of several joint co-promisors, will not remove the bar of the statute, for the plain reason that to allow such promise or acknowledgment to have effect as against the other co-promisors would be to renovate the old ■debt and subject them to a liability in invitum from which they had been.discharged by operation of the statute. This, according to established doctrine, cannot be done so as to bind co-promisors simply as such.
In this case, the acknowledgment was by one of the partners of a subsisting liability on the notes then not barred by *399 the statute, and what was said at the time as to the means by which the notes might or would be paid, was not a qualification or condition of the acknowledgment of the debt, but simply a reference to the prospective means of payment. In regard to a debt barred by the statute, it is well settled that an acknowledgment which will revive the original cause of action must be unqualified and unconditional. “ It must show positively that the debt is due in whole or in part. If it be connected with circumstances which in any manner affect the claim, or if it be conditional, it may amount to a new assumpsit, for which the old debt is a sufficient consideration; or if it be construed to revive the original debt, that revival is conditional, and the performance of the condition, or readiness to perform it, must be shown.” Wetzell v. Bussard, 11 Wheat., 309, 315; Shepherd v. Thompson, 122 U. S., 231. But in this case, there was no ground for condition or qualification of acknowledgment; the debt was legally subsisting and unaffected by the bar of the statute at the time; and in such case, the acknowledgment or promise of one partner of a partnership debt will avoid the operation of the statute of limitations as to all the partners. For, as it has been well said, there is an obvious difference between the effect of an acknowledgment or part payment within the term of the statute, which shall continue an existing liability in force, and such acknowledgment or payment made after the liability is barred, to revive and create a new liability in respect to the original consideration. Sigourney v. Drury, 14 Pick., 391; Atkins v. Tredgold, 2 B. & Cr., 23; Ellicott v. Nichols, 7 Gill, 85, 102, and cases there cited. In this case, the effect of the promise or acknowledgment was simply to continue an existing liability in force.
Whether a promise or acknowledgment of a partnership debt by one of the partners of a subsisting partnership after the bar of the statute has attached and become consummate, will bind the other partners, is a question that does not arise in this case. It is contended, however, that the partnership between the defendants had been dissolved before the ac *400 knowledgment by one of the defendants shown in proof, and that consequently there was no authority in the one to bind the other, and therefore such acknowledgment or promise does not repel the bar of the statute pleaded by the defendants in their character and relation of partners. In answer to this contention, it is sufficient to say that there is no sufficient proof of the dissolution of partnership. But, assuming the fact to be otherwise, upon the authorities already cited, such fact would make no difference in the liability of the partners, because the debt was not barred when the acknowledgment was made by one of the partners. The distinction, as to the binding effect of such acknowledgment, is clearly stated by Mr. Justice Story, in Bell v. Morrison, 1 Pet., 368, in reviewing the case of Whitcomb v. Whiting, 2 Doug., 652, where he says: “When the statute has run against a joint debt, the reasonable presumption is that it is no longer a subsisting debt; and therefore there is no ground on which to raise a virtual agency to pay that which is not admitted to exist. But, if this were not so, still there is a great difference between creating a virtual agency, which is for the benefit of all, and one which is onerous and prejudicial to all. The one is not a natural or necessary consequence from the other. A person may well authorize the payment of a debt for which he is now liable; and yet refuse to authorize a charge, where there at present exists no legal liability to pay. Yet, if the principle of Lord Mansfield be correct, the acknowledgment of one joint debtor will bind all the rest, even though they should have utterly denied the debt at the time when such acknowledgment was made.”
The acknowledgment proven is clearly sufficient to relieve the claim of the bar of the statute, according to the decided current of authority. Shepherd v. Thompson, 122 U. S., 231; Soper v. Baum, 6 Mack., 29 ; Sidwellv. Mason, 2 H. & N., 310; Coffin v. Secor, 40 Ohio St., 637; Sluby v. Champlin, 4 John., 461; Oliver v. Gray, 1 H. & G., 214; and there is no error in the rulings excepted to, and the judgment will therefore be affirmed. Jtidgment affirmed.